UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWN RIDDLE Individually and on behalf of K.R., M.R. and J.R., Minor Children, MATT RIDDLE Individually and on behalf of K.R., M.R. and J.R., Minor Children, <br><br> Plaintiffs, <br><br> v. <br><br> NICOLE M. RYAN Individually and while acting under color of state law, SYED J. KHAN Individually and while acting under color of state law, CHRISTOPHER H. SCRUTON Individually and while acting under color of state law, RETA K. BOWEN Individually and while acting under color of state law, CHAITANYA CHEKKILLA Individually and while acting under color of state law, <br><br> Defendants. | No. 1:19-cv-01263-RLY-TAB |

**REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS' MOTION TO AMEND**

Defendants Syed Khan and Chaitanya Chekkilla removed this case from Tipton Circuit Court, asserting that Plaintiffs' claims fall under the Court's original jurisdiction.  [Filing No. 1, at ECF pp. 1-2 (citing 28 U.S.C. §§ 1331, 1441(a)).]  Plaintiffs move to remand the case, arguing Defendants Nicole Ryan, Christopher Scruton, and Reta Bowen failed to timely join and consent to the removal, making Khan and Chekkilla's removal notice ineffective.  In response, Defendants filed a motion to amend their removal notice.  Defendants contend that even if they failed to officially join the remand notice, they all timely consented to removal, that any error is jurisdictional and thus can be remedied, and that the notice is not so defective as to be incurable. Plaintiffs reply that Defendants' error is procedural, and the Court must strictly construe the

procedural requirements. As discussed below, Defendants fail to meet their burden of showing that the removal was proper. Plaintiffs cite persuasive case law showing district courts in the Seventh Circuit routinely remand cases in similar circumstances. Therefore, Plaintiffs' motion for remand [Filing No. 19] should be granted, and Defendants' motion to amend [Filing No. 20] should be denied.

Defendants failed to properly consent to removal because not all Defendants joined the notice. The procedural requirements of removal are set out in 28 U.S.C. § 1446(b):

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

It is not clear when Bowen and Ryan first received Plaintiffs' complaint, but it was likely on February 27.[1] Khan and Chekkilla were served on February 28, 2019. [Filing No. 1, at ECF p.

---

[1] Bowen and Ryan do not state when they were served, but a date can be inferred from their motions in Tipton Circuit Court to extend their deadlines to file their answers. Bowen and Ryan acknowledged in their motions that their answers were due on March 22, 2019. [Filing No. 1-1, at ECF pp. 40 (Bowen), 55 (Ryan).] Under Indiana Trial Procedure Rule 6(C) and (E), parties have 23 days to file an answer after service of a complaint by mail. Therefore, based on the reported answer due date and the fact they were served by mail, the Court infers Bowen and Ryan received Plaintiffs' complaint by February 27.

1, ¶ 2.] And Scruton claims he was served on March 4, 2019. [Filing No. 1-1, at ECF p. 46.] Thus, Defendants' deadline to remove was April 4, which is 30 days after the last Defendant (Scruton) received Plaintiffs' complaint. *See* 28 U.S.C. § 1446(b)(2)(C). Defendants did not meet this deadline. All defendants must join the notice of removal in writing, "i.e., sign it." *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997). Bowen did not join the removal notice until well after the deadline [Filing No. 17 (notice of consent filed April 22)], making the notice of removal facially deficient. Contrary to Defendants' argument, it is not sufficient that their notice of removal states that all Defendants consent to removal. Rather, each Defendant must join the notice in writing by signing it. *Gossmeyer*, 128 F.3d at 489 (finding that the plaintiff had nonetheless waived the objection by failing to timely raise the issue).

  The next question is whether Defendants can cure the defect. Defendants contend that their error is jurisdictional, and that amendments to correct defective jurisdictional allegations are permitted at any time. [Filing No. 20, at ECF p. 2 (citing 28 U.S.C. § 1653).] However, it is well settled that the requirement that all defendants join the notice of removal is procedural, and any defect must be cured within the 30-day deadline imposed by § 1446(b). *Gossmeyer*, 128 F.3d at 489; *Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 385 (N.D. Ind. 1995); *Jarvis v. Davis*, 3:16-cv-525, 2016 WL 6275600, at *2-3 (N.D. Ind. Oct. 27, 2016); *Viking, Inc. v. NBD Int'l, Inc.*, 1:16-cv-25, 2016 WL 4698240, at *2-3 (N.D. Ind. Sept. 8, 2016); *Masterman v. Healthmarkets Ins. Co.*, 2:14-cv-32-PPS-JEM, 2014 WL 12784420, at *2 (N.D. Ind. June 30, 2014); *Helmick v. J.C. Penny Corp.*, 1:08-cv-269-SEB-JMS, 2008 WL 2074124, at *3 (S.D. Ind. May 13, 2008). With Bowen's notice of consent coming well after the 30-day deadline, Defendants failed to timely cure the defect.

Defendants argue that they should nonetheless be permitted to amend the removal notice because their notice is not "so defective as to be incurable." [Filing No. 20, at ECF p. 2, ¶ 7 (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)).] However, the 30-day time limit in § 1446(b) is strictly construed such that any procedural defect must be cured within that period. *Boruff v. Transervice, Inc.*, 2:10-cv-00322 JD, 2011 WL 1296675, at *2, 4 (N.D. Ind. Mar. 30, 2011) (citing *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994); *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)). Wright and Miller's *Federal Practice and Procedure* even uses the failure of all defendants to join the removal within 30 days as a straightforward example of an incurable defect requiring remand. 14C C. Wright & A. Miller, Federal Practice & Procedure § 3739.2 (Rev. 4th ed. 2019) ("For example, if fewer than all defendants who must join the removal fail to do so within the time prescribed in Section 1446, that defect cannot be cured.").

In a few instances, the Seventh Circuit has upheld untimely amendments to join defendants omitted from the removal notice. "But in each of these cases, multiple factors—often including the fact that the unconsenting party's consent was not required for removal—supported the Court's decision not to remand the case." *Boruff*, 2011 WL 1296675, at *5. Specifically, the Seventh Circuit has permitted amendments when, in some combination, the plaintiff waived the issue and/or the omitted defendants were nominal, fraudulently joined, dismissed prior to removal, and/or served with the complaint after removal. *Id.* (collecting cases). However, none of these circumstances are present in this case: Plaintiffs timely moved for remand, Defendants do not argue that any Defendant is nominal or fraudulently joined, no Defendant has been dismissed, and each Defendant was served well before removal on March 28.

4

In a final effort to avoid remand, Defendants appeal to the Court's discretion. Defendants argue Plaintiffs are not prejudiced by removal, Defendants meet all the other requirements for removal, Plaintiffs do not dispute that Defendants consented but merely failed to officially join, and Defendants hope to promote judicial efficiency by consolidating this case under Rule 42 with another suit currently pending in this Court. However, Defendants fail to establish that the Court has discretion to consider these factors, and any attempt to exercise such discretion would contradict the above-established principle that the Court must strictly construe § 1446(b). *See Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) (holding that "the party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court.").

Therefore, as explained above, Defendants have not met their burden of establishing the requirements of removal. Plaintiffs' motion for remand [Filing No. 19] should be granted, and Defendants' motion to amend [Filing No. 20] should be denied. The Court should remand this action to the Tipton Circuit Court. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: 6/7/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.